UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LORINDA SMITH | ) | NO. 2:11-CV-379 |
| | ) | |
| JOAN LEPAGE | ) | NO. 2:12-CV-1 |
| | ) | |
| GREG SWANSON | ) | NO. 2:12-CV-2 |
| | ) | |
| ALFRED HICKMAN | ) | NO. 2:12-CV-45 |
| | ) | |
| SAMUEL VOORHESS | ) | NO. 2:12-CV-77 |
| | ) | |
| ALICE SMITH | ) | NO. 3:11-CV-510 |
| | ) | |
| ROBERT BRADFORD | ) | NO. 2:11-CV-291 |
| | ) | |
| MARY SMITH | ) | NO. 2:11-CV-356 |
| | ) | |
| CARL SELLS | ) | NO. 2:11-CV-355 |
| | ) | |
| ANGELA FITCH | ) | NO. 2:12-CV-56 |
| | ) | |
| MILDRED DANIELS | ) | NO. 2:12-CV-155 |
| | ) | |
| PEGGY ROBERSON | ) | NO. 2:12-CV-168 |
| | ) | |
| KATHERYN CONNER | ) | NO. 2:12-CV-184 |
| | ) | |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC., *ET AL.* | ) | |

and

| | | |
|---|---|---|
| WILLIAM MELVIN | ) | |
| | ) | NO. 2:11-CV-288 |
| v. | ) | |
| | ) | |
| PYOD, *ET AL.* | ) | |

## REPORT AND RECOMMENDATION

Each of these cases allege that the defendants violated various provisions of the Fair Debt Collection Practices Act, (FDCPA, or "the Act"), 15 U.S.C. § 1692, *et. seq.*, and in each case the defendants have filed either a motion to dismiss for failure to state a claim, F.R.Civ.P. 12(b)(6), or a motion for judgment on the pleadings, F.R.Civ.P. 12(c). These motions have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

Each complaint, as far as the essential operative allegations are concerned, is identical to all the others; they differ only with respect to the identity of plaintiff, the amount of the indebtedness, and a few other inconsequential details, none of which have any bearing on the legal issues raised by the defendants' motions. Plaintiffs' complaints are extremely repetitive. Each complaint is rife with redundant and overlapping allegations. Often it is impossible to ascertain which defendant is being accused of a particular act. In many instances, the complaints fail to make it clear which alleged acts are claimed to be a violation of the Act. As a result, the court has depended as much or more on plaintiffs' brief for an understanding of the complaint than it has on the complaint itself.[1]

---

[1] Plaintiffs' attorneys have filed a plethora of these complaints in the Knoxville and Greeneville Divisions of this court. For future reference, they would do well to severely truncate their complaints, and heed the directives of Rule 8, F.R.Civ.P.: A complaint should contain a <u>short and plain</u> statement of the claim(s), Rule 8(a)(2), and each allegation must be simple, concise, and direct. Rule 8(d).

2

The parties earlier agreed that a single "omnibus" brief in support of the motions, and a similar omnibus brief in response to the defendants' motions, as well as a single court hearing, were appropriate.[2] By the same reasoning, a single identical Report and Recommendation will be filed in all these cases.

As noted in the first paragraph, defendants in some cases filed Rule 12(b)(6) motions to dismiss, and in others Rule 12(c) motions for judgment on the pleadings. Defendants' attorney advised that there was no legal or strategical reason for her use of one motion as opposed to the other. Accordingly, hereafter this report and recommendation usually will refer only to "motions to dismiss."

## STANDARD FOR REVIEW OF RULE 12(b)(6) AND RULE 12(c) MOTIONS TO DISMISS

Whether a motion to dismiss for failure to state a claim under Rule 12(b)(6), or a motion for judgment on the pleadings pursuant to Rule 12(2), the trial court is charged with the same responsibility: it must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

Notwithstanding the principal that the court must accept the allegations in the complaint as true, those allegations nevertheless must be plausible on their face, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To state the corollary of this rule, the court is not obliged

---

[2]Defendants' omnibus memorandum, and plaintiffs' response, have been filed in every case. Obviously, those briefs bear a different document number in each case. In Case No. 2:11-CV-379, defendants' memorandum is Document No. 49, and plaintiffs' response is Document 53.

3

to accept implausible allegations as true. Additionally, allegations that amount to nothing more than speculation, or which are conclusory only, will not defeat a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007).[3]

**THE PARTIES**

*The Plaintiffs:*

The plaintiffs are individuals who incurred credit card debts and who did not pay those indebtednesses.

*The Defendants:*

(a) LVNV Funding, LLC, is named as a defendant in thirteen of these complaints; PYOD, LLC, is named as a defendant in only one. LVNV and PYOD have a legal relationship of some sort that is irrelevant as far as this report and recommendation is concerned. Both are accused of the same violations of the Act, and both have filed identical motions to dismiss. Hereafter they will be referred to as "LVNV/PYOD."

LVNV/PYOD purchases charged-off consumer debts, usually from credit card companies, and then attempts to collect those debts from the debtors. LVNV/PYOD purchased the debts owed by each of these plaintiffs to a credit card company and then filed suit against each plaintiff/debtor in the appropriate General Sessions court.

(b) Hosto & Buchan, PLLC; Nathan & Nathan, PC; and Buffaloe & Associates,

---

[3] With this said, the trial court also must be chary of subconsciously converting a Rule 12 motion to dismiss into what amounts to a Rule 56 motion for summary judgment or, more seriously, into a trial on the merits.

PLLC:

These defendants are law firms hired by LVNV/PYOD to file suit against the plaintiff/debtors in an effort to collect the indebtednesses originally owed to the credit card companies.

(c) Tobie Griffin; Steve Hawkins; Nikki Foster; Matt Sowell; and Scott Batson:

These five individuals are employees of either LVNV or PYOD, who signed "affidavits of sworn account" which asserted that a particular debtor owed the credit card company a specific amount of money and the right to collect that sum of money had been assigned to LVNV/PYOD. These affidavits of sworn account were then forwarded to the applicable law firm for its use in filing suit against the debtor. [4]

**SYNOPSIS OF COMMON ALLEGATIONS IN THE COMPLAINTS**

(1) Each plaintiff defaulted on a credit card indebtedness.

(2) LVNV/PYOD bought these "bad debts" from the various credit card companies or (sometimes) from an assignee of a credit card company.

(3) LVNV/PYOD intentionally did not obtain from the credit card company what the plaintiffs' attorneys characterized as "competent evidence" of the debt: a copy of the written contract between the credit card company and the applicable debtor, and documentation showing how or when the debt was incurred. Rather, LVNV/PYOD chose to obtain

---

[4] A statement of sworn account *conclusively* establishes the legitimacy of a debt upon which a suit has been filed, and the amount claimed, *unless* the defendant denies under oath, either in writing or orally, that he does not owe the indebtedness. *See*, Tenn. Code Ann. § 24-5-107. Thus, if a defendant/debtor does not deny the claim, the plaintiff-creditor may obtain a judgment in the amount sued for without the necessity of additional proof or testimony.

5

"rudimentary information" that included only the debtor's name and address, phone number, Social Security number, the amount due, the name of the original creditor, the original account number, and the current owner of the debt.

Plaintiffs allege that this lack of "competent evidence" as described above prevented LVNV/PYOD from properly calculating the amount owing by each plaintiff.

(4) LVNV/PYOD hired one of the defendant law firms to pursue collection efforts against each plaintiff.

(5) LVNV/PYOD provided to the law firms an affidavit of sworn account regarding each debtor which was signed by one of the five individual defendants. Plaintiffs allege these defendants did not review any records of the original creditor, nor did they determine if there was a contract signed by any plaintiff-debtor, or that the amount asserted in the affidavit was correct. Plaintiffs allege that these individuals, rather than having personal knowledge of the debts and the particulars thereof, relied upon computer records generated by the credit card companies.

(6) The law firms ultimately filed civil warrants in courts of general sessions against each debtor. Each civil warrant had attached to it the applicable statement of sworn account.

(7) LVNV/PYOD, and the law firms, sued each plaintiff-debtor for an amount which "included interest, principal, and attorney fees not expressly authorized by the agreement creating the debt or permitted by law."

(8) Each plaintiff – who of course were the defendant-debtors in the sessions court lawsuits – filed a "sworn denial." Thereafter, the law firms voluntarily dismissed the civil

6

warrants, sometimes after multiple continuances of the trial dates.

**APPLICABILITY OR COVERAGE OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Every section of the Act proscribes various actions and conduct by "debt collectors." The Act applies to debt collectors, and no one else. As far as LVNV/PYOD is concerned, it is a "debt collector" as defined by 15 U.S.C. § 1692a(6):

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempted to collect . . . debts owed . . . another.

With regard to the law firms, they too, are debt collectors and subject to the Act; *see, Heintz v. Jenkins*, 514 U.S. 291 (1995).

None of the motions to dismiss argue that any defendant is not covered by and subject to the Act. But, notwithstanding defendants' failure to raise the issue, the court is of the opinion that the Act does *not* cover the five individual defendants who signed the affidavits of sworn account. Returning again to the definition of "debt collector:"

> The term [debt collector] does not include ----
>
> **(A)** any officer or employee of a *creditor,* collecting debts for such creditor;
> . . . . (Italics supplied).

These five individual defendants were employees of LVNV/PYOD and each was "collecting debts" on behalf of his or her employer; otherwise, there would be no basis to sue them any more than there would have been to sue LVNV's custodian. The question then becomes, was LVNV/PYOD a "creditor?" Section 1692a(4) defines creditor as:

7

> A person . . . to whom a debt is owed, but such term does not include
> any person to the extent that he receives an assignment or transfer of
> a debt in default solely for the purpose of facilitating collection of
> such debt for another.

LVNV/PYOD was owed the debts; therefore, to that point LVNV/PYOD comes within the definition of creditor. This section goes on to exclude from the definition of creditor any person who acquires debts in default *via* assignment solely for the purpose of collecting those debts *for another*. Although LVNV/PYOD took an assignment of the original creditors' rights against these plaintiffs to facilitate collection, it did so for itself, not for "another." Thus, LVNV/PYOD is not excluded from the definition of creditor. Therefore, since these five individual defendants were employees of LVNV/PYOD; and since LVNV/PYOD is a creditor under the Act; and since employees or creditors are explicitly excluded from the definition of "debt collector;" it follows that their motions to dismiss should be granted for the basic reason that the Fair Debt Collection Practices Act has no application to them.

**THE SUITS AGAINST LVNV/PYOD AND LAW FIRMS**

The essence of plaintiffs' claim against LVNV/PYOD is that LVNV/PYOD buys charged-off credit card debts and then sues the debtors without first obtaining and reviewing the underlying documentation to insure LVNV/PYOD is suing the debtors only for the correct amount owing, including the correct amount of interest and the appropriateness of attorneys' fees. It is LVNV/PYOD's *modus operandi* to file these suits in hope of obtaining default judgments based on the affidavits of sworn accounts which, as earlier described, are

8

based on legally incompetent information and which are incomplete. If a defendant-debtor manifests an intent to defend the suit, LVNV/PYOD, acting through its attorneys, dismisses that suit.

Plaintiff alleges, as to both LVNV/PYOD and the law firms, that this practice violates several provisions of the Act:

15 U.S.C. § 1692e(2)(A), falsely representing the "character, amount, or legal status" of the debts;

15 U.S.C. § 1692e(5), threatening to take any action that cannot legally be taken or that is not intended to be taken;

15 U.S.C. § 1692e(8), communicating to any person credit information which is known or which should be known to be false;

15 U.S.C. § 1692e(10), using a false representation or deceptive means in an attempt to collect the debts;

15 U.S.C. § 1692e(11), failing to disclose in an "initial communication" that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and failing to disclose in a subsequent communication that the communication is from a debt collector; and

15 U.S.C. § 1692f(1), collection of any amount (including interest, fees, etc.) unless such amount was expressly authorized by the agreement creating the debt or is permitted by law.

As to LVNV/PYOD only, plaintiffs allege that it is not a licensed debt collector in

9

Tennessee as required by Tenn. Code Ann. § 62-20-105(a), as a result of which LVNV/PYOD violated 15 U.S.C. § 1692e(5) [threatening to take an illegal action], § 1692e(10) [using a false representation in an attempt to collect the debts], and § 1692f [using unfair or unconscionable means to collect the debts].

**DISCUSSION**

Plaintiffs allege that the defendants violated 15 U.S.C. § 1692e and § 1692f. The first paragraph of § 1692e [false or misleading representations] reads as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

There follow sixteen separate paragraphs of somewhat more particularly-described activities which constitute violations of this section.

Section 1692f ["unfair practices"] is similar in nature:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

And then follows eight paragraphs of proscribed activities that are more specific.

The opening paragraph of each section explicitly states that the subsections that follow do not limit the vast expanse encompassed by "misleading" or "unfair." They are so generic and unabashedly general that almost any mistake, no matter how innocent or inconsequential, could be said to be a false representation of the character or amount of the indebtedness. Similarly, almost any mistake, regardless of its significance or what

10

precipitated it, could be said to an "unfair or unconscionable" effort to collect a debt.  So recognizing, the Sixth Circuit fashioned the objective "least sophisticated consumer" test to preclude imposition of liability based on unreasonable or tortured arguments:

> Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "When interpreting the FDCPA, we begin with the language of the statute itself." *Schroyer v. Frankel,* 197 F.3d 1170, 1174 (6th Cir.1999). As this court has noted, the FDCPA is "extraordinarily broad," crafted in response to what Congress perceived to be a widespread problem. *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir.1992). Courts use the "least sophisticated consumer"*612 standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir.2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.,* 518 F.3d 433, 438 (6th Cir.2008) (quotation marks and citations omitted). Nonetheless, the standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438-39 (quotation marks and citations omitted).

*Barany-Snyder v. Weiner,* 539 F.3d 327, 332-33 (6th Cir.2008).

  (A) *THE AFFIDAVITS OF SWORN ACCOUNT*

From the perspective of an unsophisticated consumer, an affidavit of sworn account arguably carries with it an aura of correctness and, if you will, legal solemnity.  Thus, a creditor should insure, as far as he *reasonably* can, that an affidavit is based on accurate and complete information.  This is not to say that the affidavits must be precisely correct in every minute aspect; such would amount to a mandate for perfection, and no one, including any judge, is likely to attain that status.  But again, an affidavit of *sworn* account is, after all, based on an oath that the recitations within it are true.  Therefore, if an affidavit

11

contains information that is incorrect; and if that erroneous information is significant; and if that erroneous information was included because it was procured in a careless, assembly-line fashion; then, in the opinion of this magistrate judge, that creditor has committed a violation of 15 U.S.C. § 1692e(2)(A): a misrepresentation of the character or amount of the debt.

(B) *NON-SUITS*

A creditor does not commit a violation of the Act merely by filing suit on an otherwise valid indebtedness and thereafter non-suiting the action in the face of a defense, assuming the creditor used *reasonable* – not perfect – efforts to insure that the information relied upon was correct. But, if the nonsuit is part of a creditor's over-all tactic to obtain default judgments based on information which the creditor knows is, *or could be*, erroneous because of the way that information was compiled and submitted, such would be a violation of 15 U.S.C. § 1692e(10), using a deceptive means to collect a debt.

If the law firms were aware – as plaintiffs allege in their complaints – that the affidavits of sworn account were based on incomplete information; or if they were aware that the affidavits were based on incomplete information and that any suit would be dismissed in the face of a defense, then the law firms, no less than LVNV/PYOD have violated the aforementioned sections of the Act.

(C) *SUITS FOR UNAUTHORIZED AMOUNTS*

If the civil warrants sued for an amount of interest, or attorneys fees, to which LVNV/PYOD was not entitled under Tennessee law unless the applicable contract allowed

for such a recovery; and assuming LVNV/PYOD intentionally did not review the applicable contracts as plaintiffs allege in their complaints; then LVNV/PYOD is potentially liable under § 1692e(2)(A), misrepresenting the character and amount of the debt, and under § 1692f(1), collecting amounts not authorized by the agreements that created the debts.

The defendants are correct that merely filing a lawsuit without immediate means to prove the debt does not violate the Act, citing *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 331 (6th Cir. 2006). Also, attorneys do not violate the Act if they relied upon information, including affidavits, submitted by their creditor/clients, *Harvey, supra*, at 133. But if an attorney *knows* that the information and documentation submitted to him by the creditor is deficient; and if the attorney forges ahead and files suit anyway; then the attorney has exposure under the Act. *See, Whittier v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2nd 914, 929 (N.D. Ohio, 2009). Here, the plaintiffs essentially allege that the law firms were co-conspirators with LVNV/PYOD. If true, the law firms violated the Act.[5]

(D) *IS LVNV/PYOD AN UNLICENSED "COLLECTION SERVICE" IN TENNESSEE? AND, IF IT IS, IS THAT A VIOLATION OF THE ACT?*

Plaintiffs allege that LVNV/PYOD is a debt collection service which is required to be licensed in Tennessee; and, since it is not licensed, LVNV/PYOD has violated § 1692e (use of false, deceptive, or misleading information); § 1692e(5) (threatening to take

---

[5]If that allegation has been made without factual basis, the law firms will not be without recourse.

13

an illegal action); § 1692e(10) (using a false representation or deceptive means to collect or attempt to collect a debt); and § 1692f (using an unfair or unconscionable means to collect a debt).

Tenn. Code Ann. § 62-20-101, *et. seq.* is the Tennessee Collection Service Act. Section 62-20-105 requires anyone engaged in the debt collection service business to have a license. Section 62-20-102(3) defines a "collection service" as any person "that engages in . . . the collection of delinquent accounts . . . irrespective of whether the person engaging in . . . [that] . . . collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person . . . ." Tenn. Code Ann. § 62-20-102(3).

Attorneys are clearly exempted from the licensing requirement; *see*, Tenn. Code Ann. § 62-20-103(a)(2). But the question of coverage under, or exemption from, the Act is not nearly so clear regarding entities which are seeking to collect their own debts. Tenn. Code Ann. § 62-20-103(b) provides that no license is required if a business entity is collecting only "its own unpaid accounts." This section has to be reconciled with §102(3) which provides that an entity which has acquired an indebtedness by assignment or purchase is nevertheless required to be licensed. Is an indebtedness somehow less a person's "own unpaid account" because he acquired it by assignment, rather than by initial contact with the debtor? It is likely that Tennessee Legislature intended to exclude from the purview of the act only the original creditor, whereas it intended to include persons or entities who acquired unpaid accounts by assignment from that original creditor. If ever called upon to decide that

14

question, this magistrate judge likely would so hold. It is not, however, crystal clear.

Regardless, plaintiffs' theory in this regard is too strained to go forward. LVNV/PYOD undeniably owned these debts and, as the owner, LVNV/PYOD could attempt to collect those debts. Its lack of a license, even if that lack deprived it of standing to sue, was not "unfair or deceptive," or unconscionable, or any of the other proscribed activities within the Act. Did the *lack* of a license cause any of the acts of which these plaintiffs complain? If LVNV/PYOD had a license, would that have excused, or prevented, any of those acts? The answer to these questions is obviously, "no." This portion of plaintiffs' suits should be dismissed.

**SUMMATION**

Plaintiffs' suits against the FIVE individuals – Griffin, Hawkins, Sowell, Foster, and Batson – should be dismissed; these five defendants do not come within the provisions of the Act.

Plaintiffs' claims against LVNV/PYOD that are premised upon LVNV/PYOD's lack of a license under the Tennessee Collection Service Act should be dismissed for the reason just discussed.

With the exception of the foregoing, and taking as true the allegations in the complaints, the motions to dismiss filed by LVNV/PYOD and the law firms should be denied.

**RECOMMENDATIONS**

1. ***LORINDA SMITH v. LVNV, ET AL.*, 2:11-CV-379:**

15

(a) The joint Rule 12(b)(6) motion of Steve Hawkins and LVNV to dismiss, Document 3, should be granted to the extent that Hawkins should be dismissed from this suit, with prejudice; that portion of plaintiff's complaint against LVNV which is premised on a lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied;

(b) Hosto & Buchan's Rule 12(b)(6) motion to dismiss, Document 7, should be denied.

2. *JOAN LEPAGE V. LVNV, ET AL.*, **2:12-CV-01**:

(a) The joint motion to dismiss of LVNV, Nathan & Nathan, and Nikki Foster filed pursuant to Rule 12(b)(6), Document 4, should be granted to the extent that the plaintiff's suit against Nikki Foster should be dismissed with prejudice; that portion of plaintiff's claim against LVNV that is premised on LVNV's lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied.

3. *GREG SWANSON V. LVNV, ET AL.*, **2:12-CV-2:**

(a) The joint motion to dismiss of LVNV, Nathan & Nathan, and Nikki Foster filed pursuant to Rule 12(b)(6), Document 5, should be granted to the extent that the plaintiff's suit against Nikki Foster should be dismissed with prejudice; that portion of plaintiff's claim against LVNV that is premised on LVNV's lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied.

4. *ALFRED HICKMAN V. LVNV, ET AL.,* **2:12-CV-45:**

16

(a) The joint motion to dismiss of LVNV, Nathan & Nathan, and Tobie Griffin, filed pursuant to Rule 12(b)(6), Document 8, should be granted to the extent that the plaintiff's suit against Tobie Griffin should be dismissed with prejudice; that portion of plaintiff's claim against LVNV that is premised on LVNV's lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied.

5. *SAMUEL VOORHESS V. LVNV, ET AL.*, **2:12-CV-77:**

(a) The joint motion to dismiss of LVNV, Buffaloe & Associates, and Nikki Foster, filed pursuant to Rule 12(b)(6), Document 10, should be granted to the extent that the plaintiff's suit against Nikki Foster should be dismissed with prejudice; that portion of plaintiff's claim against LVNV that is premised on LVNV's lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied.

6. *ALICE SMITH V. LVNV, ET AL.*, **3:11-CV-510:**

(a) The joint Rule 12(b)(6) motion of Tobie Griffin and LVNV to dismiss, Document 14, should be granted to the extent that Griffin should be dismissed from this suit, with prejudice; that portion of plaintiff's amended complaint against LVNV which is premised on a lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied;

(b) Buffaloe & Associates's Rule 12(b)(6) motion to dismiss, Document 16, should be denied.

7. *ROBERT BRADFORD V. LVNV, ET AL.*, **2:11-CV-291**:

(a) The joint motion to dismiss of LVNV, Buffaloe & Associates, and Tobie Griffin

filed pursuant to Rule 12(c), Document 9, should be granted to the extent that the plaintiff's suit against Tobie Griffin should be dismissed with prejudice; that portion of plaintiff's claim against LVNV that is premised on LVNV's lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied.

8. *MARY SMITH V. LVNV, ET AL.*, **2:11-CV-356:**

(a) The joint Rule 12(b)(6) motion of Steve Hawkins and LVNV to dismiss, Document 17, should be granted to the extent that Hawkins should be dismissed from this suit, with prejudice; that portion of plaintiff's amended complaint against LVNV which is premised on a lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied;

(b) Hosto & Buchan's Rule 12(b)(6) motion to dismiss, Document 14, should be denied.

9. *CARL SELLS V. LVNV, ET AL.,* **2:11-CV-355**:

(a) The joint Rule 12(b)(6) motion of Steve Hawkins and LVNV to dismiss, Document 16, should be granted to the extent that Hawkins should be dismissed from this suit, with prejudice; that portion of plaintiff's amended complaint against LVNV which is premised on a lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied;

(b) Hosto & Buchan's Rule 12(b)(6) motion to dismiss, Document 13, should be denied.

10. *ANGELA FITCH V. LVNV, ET AL.*, **2:12-CV-56**:

(a) The joint Rule 12(b)(6) motion of Tobie Griffin and LVNV to dismiss, Document 11, should be granted to the extent that Tobie Griffin should be dismissed from this suit, with prejudice; that portion of plaintiff's complaint against LVNV which is premised on a lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied;

(b) The defendant Hosto & Buchan did not file a motion to dismiss in this case.

11. ***MILDRED DANIELS V. LVNV, ET AL.*, 2:12-CV-155**:

(a) The joint motion to dismiss of LVNV, Buffaloe & Associates, and Scott Batson, filed pursuant to Rule 12(b)(6), Document 3, should be granted to the extent that the plaintiff's suit against Batson should be dismissed with prejudice; that portion of plaintiff's claim against LVNV that is premised on LVNV's lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied.

12. ***PEGGY ROBERSON V. LVNV, ET AL.*, 2:12-CV-168**:

(a) The joint motion to dismiss of LVNV, Nathan & Nathan, and Tobie Griffin filed pursuant to Rule 12(b)(6), Document 4, should be granted to the extent that the plaintiff's suit against Tobie Griffin should be dismissed with prejudice; that portion of plaintiff's claim against LVNV that is premised on LVNV's lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied.

13. ***KATHERYN CONNER V. LVNV, ET AL.*, 2:12-CV-184**:

(a) The joint Rule 12(b)(6) motion of Matt Sowell and LVNV to dismiss, Document 8, should be granted to the extent that Sowell should be dismissed from this suit, with

prejudice; that portion of plaintiff's complaint against LVNV which is premised on a lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied;

(b) The defendant Hosto & Buchan did not file a motion to dismiss in this case.

14. *WILLIAM MELVIN V. PYOD, ET AL.*, **2:11-CV-288:**

(a) The joint Rule 12(c) motion of Tobie Griffin and PYOD to dismiss, Document 6, should be granted to the extent that Griffin should be dismissed from this suit, with prejudice; that portion of plaintiff's complaint against LVNV which is premised on a lack of a debt collector's license should be dismissed; otherwise, the motion to dismiss should be denied;

(b) Plaintiff did not sue a law firm in this case.[6]

Respectfully submitted,

                                                     s/ Dennis H. Inman
                                                 United States Magistrate Judge

---

[6]Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).